WILLIAM E. STROUD *vs.* THE BOARD OF WATER COMMISSIONERS OF THE CITY OF HARTFORD.

First Judicial District, Hartford, March Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under the provisions of the Motor Vehicles Act (Public Acts of 1911, chapter 85, § 19) the owner of an automobile which is not "legally registered" as required by the Act (§§ 2 and 3) cannot recover for an injury to it received by reason of its "operation" upon the highways of this State. *Held:*—

1. That inasmuch as one important object of registration was to identify all owners of cars, an automobile which was falsely registered in the name of one not its owner could not be said to be "legally registered."

2. That such car was in the present case in "operation" upon our roads, although at the precise time of its injury it was "parked" against the curb awaiting the return of its owner.

3. That the expression "received by reason of the operation" of the illegally registered or nonregistered automobile, was not intended to limit the field or class of nonrecoverable injuries to such merely as were proximately caused by that operation, but, on the contrary, was designed to impose all the ordinary risks or perils of highway travel in such a car upon its owner, operator and occupants, and must be construed accordingly; and therefore the plaintiff in the present case could not recover for the injury to his car.

Argued March 7th—decided April 19th, 1916.

ACTION to recover damages for injury to the plaintiff's automobile by a collision on the highway which was alleged to have been caused by the negligence of a servant of the defendant in driving its motor-truck, brought to the Superior Court in Middlesex County where the plaintiff was nonsuited in a trial to the jury before *Burpee, J.*, and from the refusal of the trial court to set aside such judgment he appealed. *No error.*

*Bertrand E. Spencer* and *Gustaf B. Carlson,* for the appellant (plaintiff).

*Warren B. Johnson* and *Harry W. Reynolds,* for the appellee (defendant).

BEACH, J.   The plaintiff's testimony tended to show that he was the owner of the injured motor-car; that he had falsely registered it under the name of W. Lennox as the owner; that at all times thereafter it remained so falsely registered; that plaintiff had driven it for pleasure about the State from one thousand five hundred to two thousand miles in the course of the summer; that on the day of the accident he drove it from Middletown to Hartford, and on arriving at the Hotel Heublein left it in a part of the highway opposite the hotel which is commonly used for parking automobiles, with all power shut off, brakes set, and no one in charge; that about 5:15 a large motor-truck owned by the defendant was negligently driven into it by one of defendant's servants whereby it was injured; and that after the collision the plaintiff drove his car back to Middletown.

At the close of the plaintiff's case in chief the defendant moved for, and the court granted, a nonsuit, on the authority of § 19 of the Motor Vehicles Act of 1911 (Public Acts of 1911, Chap. 85, p. 1345), the material portion of which is as follows: "No recovery shall be had in the courts of this State, by the owner or operator, or any passenger of a motor vehicle which has not been legally registered in accordance with section two or three of this Act, for any injury to person or property received by reason of the operation of said motor vehicle in or upon the public highways of this State. . . ."   Section 2 of the Act requires every owner of one or more motor vehicles to file annually with the Secretary of State a statement (*inter alia*) of his "name, residence, and post-office address," and directs that this information shall be included in the certificate of registration.

It is admitted that the plaintiff's car was in that respect not registered according to law.

The plaintiff's first claim is that the provisions as to registration are primarily for revenue, and that false statements as to the identity of the owner are not material. This claim is inadmissible. It is well known that one important object of this registration is to identify the owners of every car which uses the public highways of the State. Accordingly, § 4 of the Act requires that "every motor vehicle shall, at all times while in use or operation upon the public highways of this State, have displayed in a conspicuous place, at the front and rear, the register number plates or markers furnished by the secretary." The State also publishes or aids in the publication of a directory of register numbers and names of owners, for the purpose of identifying owners by the register numbers of the cars. It must be held that the plaintiff's car was not legally registered within the meaning of § 19.

The remaining question is whether the injury complained of was "received by reason of the operation of said motor vehicle in or upon the public highways of this State." We think it was. The word "operation" cannot be limited, as the plaintiff claims it should be, to a state of motion controlled by the mechanism of the car. It is self-evident that an injury may be received after the operator has brought his car to a stop, and may yet be received by reason of its operation. The word "operation," therefore, must include such stops as motor-vehicles ordinarily make in the course of their operation.

It is also clear that the words "received by reason of the operation" do not refer merely to injuries proximately caused by such operation. That cannot be so, because the whole purpose of § 19 is to prevent a recovery in cases where the owner, operator, or passenger

of the illegally registered car, would otherwise be entitled to one; and no such recovery could in any event be had if the operation of the illegally registered car was in a legal sense the proximate cause of the injury. In order to give any reasonable effect to § 19, it must be understood as requiring the owner, operator, or passenger of a motor-vehicle not registered in accordance with §§ 2 or 3 of the Act, to assume all the ordinary perils of operating it on the highway.

In this case the plaintiff's car was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling, or delivering merchandise. One so using the highway necessarily incurs the risk of injury from the negligence of fellow travelers as well while his vehicle is at rest as while it is in motion, and the injury complained of in this case was received "by reason of" the operation of the plaintiff's illegally registered car on the highway, within the plain intent of the Act.

There is no error.

In this opinion the other judges concurred.