COMMONWEALTH *vs.* JAMES E. HENRY.

Middlesex.    December 6, 1917. — December 31, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle.   Words,* "Operated."

If one driving a motor car leaves it standing in a public highway at any time between half an hour after sunset and half an hour before sunrise with all the lights extinguished and the engine at rest, he is operating the car unlawfully and may be convicted on a complaint under St. 1909, c. 534, § 7, as amended by St. 1915, c. 16, § 3.

*Whether* the same offence would be committed after the car had been left in the

highway an unreasonable time or if it had been abandoned there, were referred to as questions which it was not necessary to consider in the present case.

COMPLAINT, received and sworn to in the First District Court of Eastern Middlesex on May 5, 1915, under St. 1909, c. 534, § 7, as amended by St. 1915, c. 16, § 3, charging that the defendant on May 3, 1915, at Malden "did operate a certain automobile in and upon a certain public street, to wit: Pleasant Street in said Malden, during the period of from one half an hour after sunset to one half an hour before sunrise, without displaying at least two white lights, visible not less than two hundred feet in the direction toward which he was proceeding and without displaying at least one red light in the reverse direction."

On appeal to the Superior Court the case was tried before *Raymond,* J. A statement of the facts which were agreed upon by the Commonwealth and the defendant is quoted in the opinion.

The defendant asked the judge to rule and instruct the jury as follows:

"1. There is no evidence in the case warranting a conviction that the defendant operated an automobile unlawfully, and you should return a verdict of not guilty.

"2. There is no evidence warranting a conviction that the defendant operated an automobile without its being properly lighted, and you should return a verdict of not guilty.

"3. Unless you find the defendant's automobile was in motion and that he was driving the same, you must find him not guilty of the offence charged in the complaint.

"4. If you find that the defendant, upon leaving his automobile standing in the street, turned out the lights thereof, the presence of the automobile in the street thereafter was not operation on his part, and your verdict should be for the defendant."

The judge refused to make any of these rulings. The jury returned a verdict of guilty; and the defendant alleged exceptions.

St. 1909, c. 534, § 7, as amended by St. 1915, c. 16, § 3, after provisions in regard to brakes, mufflers, means of signalling and contrivances to prevent motor vehicles being set in motion by unauthorized persons, is as follows: "Every automobile operated during the period from one half an hour after sunset to one half an hour before sunrise shall display at least two white lights, and

every motor cycle so operated at least one white light, which shall be visible not less than two hundred feet in the direction toward which the vehicle is proceeding; and every such motor vehicle shall display at least one red light in the reverse direction. Every automobile so operated shall have a rear light so placed as to show a red light from behind and a white light so arranged as to illuminate and not obscure the rear register number."

The case was submitted on briefs.

*W. A. Thibodeau & G. L. Ellsworth,* for the defendant.

*N. A. Tufts,* District Attorney, *& F. W. Fosdick,* Deputy District Attorney, for the Commonwealth.

CROSBY, J. The defendant is charged with violation of the provisions of St. 1909, c. 534, § 7, as amended by St. 1915, c. 16, § 3. He was found guilty by the First District Court of Eastern Middlesex, and appealed. At the trial in the Superior Court he excepted to the refusal of the presiding judge to give to the jury four instructions, each of which in effect amounted to a ruling that he was entitled to an acquittal upon the agreed facts. The facts agreed upon are as follows:

"It is hereby agreed between the government and the defendant that on May 3, 1915, at about 8:30 in the evening, more than half an hour after sunset on said date the defendant drove his automobile on Pleasant Street, a public way in the City of Malden in said County, and left it standing thereon; that when and as he drove it on said street it was properly lighted, but that when he left it standing as aforesaid he turned out both his front lights and rear light; that when he left the automobile standing, no part thereof was moving and that the engine was stopped; that the defendant thereafter went into a building nearby, leaving the said automobile on said street until notified."

The statute under which the complaint is drawn was enacted largely for the protection of travellers upon highways, by guarding against collisions with automobiles after dark when it would be difficult or impossible to know of their presence. The question is, whether a motor car which is left standing upon a highway after dark without lights and with the engine at rest can be found to be "operated" within the meaning and intent of the statute.

It is obvious that a motor car standing upon a highway under

such conditions may be fully as great a menace to the safety of travellers as if running upon the way without lights, and that the danger of serious injury to travellers by coming in contact with such a car would be very great.

The word "operated" is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation. It does not appear from the agreed facts how long the car had been left upon the street or for what purpose the defendant went into the building. Certainly there is nothing to show that he had left it for an unreasonable time, or that the stop was not for a proper purpose; nor is there any evidence that the car had been abandoned, although we do not mean to intimate that if it had been the statute would not have been violated. As was said in the recent case of *Stroud* v. *Water Commissioners of Hartford*, 90 Conn. 412, in construing a similar statute, "The word 'operation' : . . . must include such stops as motor vehicles ordinarily make in the course of their operation. . . . In this case the plaintiff's car was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling, or delivering merchandise." It was said by this court in *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, at page 266, that "In order to be a traveller, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion. It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life with teams or lighter carriages, if occasional stops were not permitted to enable those using them to load and unload teams, to receive and deliver goods, to enter shops and stores, and to make brief calls of business or even of a social character."

The statute must be read with reference to its manifest intent and spirit and cannot be limited to the literal meaning of a single word. It must be construed as a whole and interpreted according to the sense in which the words are employed, regard being had to the plain intention of the Legislature. So considered, we cannot doubt that the statute is broad enough to include automobiles at

rest, as well as in motion, upon the highways. *Jaquith* v. *Worden,* 73 Wash. 349. *Stroud* v. *Water Commissioners of Hartford, supra.* So far as the case of *Harlan* v. *Kraschel,* 164 Iowa, 667, is in conflict with the views herein expressed, we are not disposed to follow it.

The defendant's requests for instructions were refused rightly.

*Judgment affirmed.*