HANSER *v.* YOUNGS.

1. NEGLIGENCE—AUTOMOBILES—MOTOR-VEHICLE LAW — EVIDENCE — SUFFICIENCY.

In an action for personal injuries caused to plaintiff by being struck by defendant's automobile while he was standing in the traveled portion of the public highway near the rear of a disabled truck, testimony that defendant was, at the time of the accident, attempting to pass an automobile ahead of him on the right side, in violation of 1 Comp. Laws 1915, § 4815, *held*, sufficient to take the question to the jury as bearing on defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

It could not be said that plaintiff was guilty of contributory negligence, as a matter of law, because he stood in the traveled part of the highway, where, from the testimony, the inference might be drawn that he was there to warn other automobiles of the presence of the disabled truck which was without a tail light burning.

3. SAME—COMMON ENTERPRISE—IMPUTED NEGLIGENCE.

Where plaintiff and the owner of the truck, at the time of the accident, were attempting to get home their winter's supply of potatoes, they were engaged in a common enterprise, so that the negligence of the owner in not having the tail light burning was imputable to plaintiff.

4. SAME—MOTOR-VEHICLE LAW—FAILURE TO HAVE REAR LIGHT BURNING—CONTRIBUTORY NEGLIGENCE.

The mere fact that said tail light was not burning would not render plaintiff guilty of such contributory negligence as would bar his right of recovery, unless it in some way contributed to the accident which caused his injury.

5. SAME—QUESTION FOR JURY.

If the disabled truck was standing under an arc light, as claimed by plaintiff, but disputed by defendant, it could not be said, as a matter of law, that the absence of the tail light was a contributing cause of the injury, but the question should have been submitted to the jury.

On effect of failure to show lights on liability for collision between automobiles or automobile and other vehicle at or near corner of streets or highways, see note in L. R. A. 1916A, 749.

On reciprocal duty of operator of automobile to use care as to lights and signals, see notes in 38 L. R. A. (N. S.) 489; 51 L. R. A. (N. S.) 996.

6. SAME — MOTOR-VEHICLE LAW — DUTY TO MAINTAIN LIGHTS —
    VEHICLE STANDING ON PUBLIC HIGHWAY.

> 1 Comp. Laws 1915, § 4812, requiring every motor vehicle
> operated and driven upon the public highways to display
> front and rear lights, construed, and *held*, to apply to a
> disabled truck temporarily standing in the traveled por-
> tion of the highway and not under motion.

Error to Wayne; Codd (George P.), J. Submitted
October 15, 1920. (Docket No. 7.) Decided Decem-
ber 21, 1920.

Case by Peter Hanser against Addison S. Youngs
for personal injuries. Judgment for plaintiff. De-
fendant brings error. Reversed.

*Benedict H. Lee,* for appellant.

FELLOWS, J. Plaintiff, a resident of Detroit, was
a stone cutter by trade in the employ of a Mr.
Michaels. On Sunday, November 11, 1917, plaintiff,
his brother-in-law, Mr. Kinsler, with Mr. Michaels and
his minor son, drove up into Oakland county to get
their potatoes for the winter. The truck used on the
trip was owned by Mr. Michaels and was driven by
Mr. Kinsler. On their return to Detroit, and when
near the eight-mile road coming down Woodward ave-
nue, a wheel came off and Mr. Kinsler went for some
one to tow them in. The pavement here is of con-
crete 18 or 19 feet in width. An interurban track
runs at the side of the street. It is the claim of the
plaintiff that the truck was gotten as far to the side
as the interurban track would permit, the forward
wheels being off the concrete pavement and one of the
hind wheels resting thereon. This was about two
hours after sundown and the tail light on the truck
was not burning. While standing near the rear of the
truck and on the concrete pavement plaintiff was

struck by an automobile owned and driven by defendant and received serious personal injuries. He recovered a small judgment and defendant brings the case here. The errors assigned relate to the refusal of the court to direct a verdict for the defendant, to the charge as given, and to the refusal to grant a new trial. A directed verdict was asked on the grounds that no negligence of defendant was proven and that plaintiff was guilty of contributory negligence.

Defendant's Negligence. The case was submitted to the jury upon the theory that defendant might be held liable for negligence if the accident occurred by reason of his attempt to pass the automobile ahead of him on the right side thereof. We do not understand defendant to question the legal proposition. See section 4815, 1 Comp. Laws 1915; *Wilson* v. *Johnson,* 195 Mich. 94. What defendant's counsel contends is that plaintiff's testimony was not sufficient to take that question to the jury. In this we think counsel is in error. While defendant denies that he attempted to pass the automobile ahead of him either upon the right or the left side, and his witnesses corroborate his testimony in this regard, the plaintiff does testify that defendant came around the right side and struck him, and that he meant "to the right of the other machines coming forward and back on Woodward avenue," and Mr. Michaels, who was present when the accident occurred, testified that defendant—

"tried to get by another machine and he curved out just where our truck stood and just happened to curve out to go ahead of the other machine ahead of him— go around—and he came like that on a curve. The car that he tried to go around was coming towards the city; he was trying to pass that car to get ahead of it. He went on the right side to get past it."

Contributory Negligence. Defendant's counsel contends that plaintiff was guilty of contributory negli-

gence, as matter of law, in remaining in the traveled portion of the highway at the rear of the machine. We have not been favored with a brief by plaintiff's counsel and are only able to glean his theory of the case from what we find in the record. We think there is found in the testimony of Mr. Michaels some explanation of why the plaintiff was standing where he was. It was conceded that the tail light of the truck was out. Again we quote from Mr. Michaels' testimony:

"I was standing just about behind the middle of the truck. The plaintiff was on my left side, that is the east side coming towards town. He was far enough to clear the track so that he could give signals to automobiles coming on, to give signals to automobiles going north, and some of these automobiles were going both ways. He was not signaling those going the other way, he could not because there was one after them coming this way, you could not see the other side. There was one line of automobiles going out, one after the other, and there was one line going each way. He couldn't see those going north because he was watching those coming in on the west side so that they would not hit us."

While this testimony is not as clear as it might have been made, we think the jury could infer from it and the fact that the tail light was out that plaintiff was standing at the rear of the truck to signal or warn the drivers of oncoming automobiles of the presence of the truck at the side of the highway. We do not think it can be said, as matter of law, that a reasonably prudent person, mindful of the consequences a collision with an unlighted truck would cause, would not take this course.

The important question upon this branch of the case, however, grows out of the contention of defendant's counsel that the plaintiff, Mr. Kinsler and Mr. Michaels were engaged in a common enterprise, that of getting and bringing home their winter's supply of potatoes; that it was a violation of the statute not to have the

tail light burning, constituting negligence imputable to all, and that, as matter of law, such negligence was contributory negligence precluding plaintiff's right of recovery.   We shall under the next head consider the question of the construction of the statute.   The trial judge in his charge, as we shall presently see, declined to follow the contention of defendant's counsel either by directing a verdict or by recognizing it in his charge.   The case must go back for another trial and the law applicable to the case should be settled.   The undisputed testimony shows that Mr. Michaels, Mr. Kinsler and plaintiff were on the day in question engaged in a common enterprise, that of purchasing and bringing home their winter's supply of potatoes.   Its purpose had not been accomplished nor had it been abandoned when the accident occurred.   Under such circumstances the negligence of Mr. Michaels in not having the tail light burning was imputable to plaintiff.   In *Beaucage* v. *Mercer,* 206 Mass. 492 (92 N. E. 774), that court had a somewhat similar question before it, and it was said:

"The trial, however, seems to have proceeded upon the theory that the plaintiffs were engaged in a common enterprise, and that it still was in force at the time of the accident.   So long as the joint enterprise was in force the contributory negligence of one would bar a recovery of either, provided always the negligence was in a matter within the scope of the joint agreement; and if that is to be regarded as the meaning of the instruction then it was correct."

But there must be some causal connection between the accident and the want of a tail light in order to make the negligence contributory.   In *Graham* v. *Hagmann,* 270 Ill. 252 (110 N. E. 337), it was said:

"The mere fact that defendant in error was riding in the vehicle without such a light did not render him guilty of such contributory negligence as would bar his cause of action, unless the omission of such light in

some way proximately contributed to the accident in which he was injured." .

In the instant case the testimony introduced on behalf of plaintiff was to the effect that the truck was standing underneath an arc light. Defendant's evidence contradicted this testimony. It was a question for the jury, we think, as to the amount of light at the place of the accident. Obviously if the truck was standing under the bright rays of an arc light, we cannot say, as a matter of law, that the absence of the tail light was a contributing cause of the injury. The trial court was not in error in submitting the question of plaintiff's contributory negligence to the jury but was in error in eliminating from the consideration of the jury the question of the want of a tail light.

The Charge. The trial judge charged the jury in effect that the negligence of the owner of the car could not be imputed to the plaintiff. It would appear that this instruction was based upon the theory that the plaintiff was not then on the truck. The charge in this particular is not as clear in all regards as the charges of this trial judge usually are. Defendant's counsel here assigns error on this portion of the charge; he insists that the instruction complained of and the case itself involve the question of whether the statute (1 Comp. Laws 1915, § 4812) contemplates that an automobile should have a tail light burning when temporarily at rest in the highway. What we have already said disposes of the question of imputed negligence, leaving for consideration the construction of the statute. Support will be found for the less liberal construction of the statute in Babbitt on Motor Vehicles (2d Ed.), § 411; *City of Harlan* v. *Kraschel,* 164 Iowa, 667 (146 N. W. 463). But the text in Babbitt is based on the Iowa case and is somewhat modified by what follows. In the Iowa case an ordinance of the city of Harlan was involved. Its language was

that usually found in regulatory ordinances and statutes, and in addition contained further qualifying language to which the court gave effect. Sustaining the more liberal construction will be found: *Jaquith* v. *Worden*, 73 Wash. 349 (132 Pac. 33, 48 L. R. A. [N. S.] 827) ; *Commonwealth* v. *Henry*, 229 Mass. 19 (118 N. E. 224, L. R. A. 1918B, 827) ; *Stroud* v. *Water Commissioners*, 90 Conn. 412 (97 Atl. 336). In the Washington case the statute under consideration (Rem. & Bal. Code, § 5568), contained the word "driven." Construing the statute, the court said:

"An automobile does not cease to be 'driven' when stopped or left standing on a public highway during the hours of darkness. It cannot be said that the driver of such a machine must carry lights while it is moving, but that he may stop it during the hours of darkness in the roadway, turn off the lights, and leave it standing, without violating the law. The statute must be read with reference to its plain spirit and intent. Its spirit may not be destroyed by narrowing it to the literal meaning of a single word. Public highways are designed for travel in all lawful ways, by both pedestrians and those driving vehicles, and the driver of a vehicle does not cease to be a driver or traveler when he stops his machine in the street."

In the Massachusetts case the statute contained the word "operated" and it was said by the court, speaking through Mr. Justice Crosby:

"The statute under which the complaint is drawn was enacted largely for the protection of travelers upon highways, by guarding against collisions with automobiles after dark when it would be difficult or impossible to know of their presence. The question is, whether a motor car which is left standing upon a highway after dark without lights and with the engine at rest can be found to be 'operated' within the meaning and intent of the statute.

"It is obvious that a motor car standing upon a highway under such conditions may be fully as great a menace to the safety of travelers as if running upon

the way without lights, and that the danger of serious injury to travelers by coming in contact with such car would be very great.

"The word 'operated' is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation."

Thus it will be seen that both the words "operated" and "driven" when used in a statute of this character have had judicial interpretation. We are constrained to adopt the more liberal construction and to hold that the statute applies, even though the automobile is temporarily standing in the traveled portion of the highway and not under motion.

We are not prepared to hold that the verdict is so manifestly against the weight of the evidence as to justify us in holding that the trial judge erred in overruling the motion for a new trial. We might not reach the same result as did the jury; but this is not the test.

For the error pointed out in the charge the case must be reversed and a new trial ordered. Defendant will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.