EMMA DEWHIRST ET EL. *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The plaintiffs' motortruck, having become disabled, was towed about twenty-five miles to a garage, being steered by the plaintiff's driver, who was not licensed as a motor-vehicle operator. Arriving at the garage, the plaintiff's driver left the plaintiff's truck, and the towing truck moved to the rear of the plaintiff's truck to push it into the garage. During the course of these operations the plaintiff's truck, which was partially projecting over the defendant's track, was struck and damaged by the defendant's trolley-car. In an action to recover for such damage, the defense was that the plaintiff must show that its truck was legally registered and its driver licensed, in view of the provisions of the Motor Vehicle Act (Public Acts of 1919, Chap. 233, § 44) denying recovery to an owner of a motor-vehicle for injury to person or property "received by reason of the operation of such motor-vehicle upon a public highway" if it was not legally registered, or if it "was being operated by an unlicensed person" in violation of the sections of the Act dealing with the issuing of licenses. *Held* that at the time of the accident the truck was not "being operated" by the plain-

tiff's driver and was not in "operation," and hence that the plaintiff might recover without showing registration of the car or licensing of the driver.

In any action to recover for injury to person or property received by the operation of a motor-vehicle upon any public highway, the plaintiff should allege, and has the burden of proving, that such motor-vehicle was registered and was operated by a licensed person.

Argued April 20th—decided June 1st, 1921.

ACTION to recover damages for injuries to the plaintiffs' motortruck, alleged to have been caused by the negligence of the defendant, brought to and tried by the City Court of Bridgeport, *Wilder, Deputy-Judge;* facts found and judgment rendered for the plaintiff for $200, and appeal by the defendant. *No error.*

*Seth W. Baldwin,* for the appellant (defendant).

*William L. Zepp,* for the appellees (plaintiffs).

BURPEE, J.   The reasons of appeal assigned in this case may be combined in the single proposition that, because of the prohibitions contained in § 44 of Chapter 233 of the Public Acts of 1919, the plaintiffs can have no recovery in this suit for damages to their motor-vehicle, received by reason of its operation on a public highway, unless they show that their motor-vehicle had been legally registered, and, if so registered, was not being operated by an unlicensed person.   The Act referred to is the comprehensive statute concerning motor-vehicles, and the material portion is as follows:   "No recovery shall be had in the courts of this State by the owner of a motor-vehicle which has not been legally registered in accordance with section eight, nine, ten, eleven or twelve for injury to person or property received by reason of the operation of such motor-vehicle upon a public highway . . . ; nor shall such

recovery be had if such motor-vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of section fourteen, fifteen or sixteen."

The first question is whether the injury to the plaintiffs' motor-vehicle was "received by reason of the operation of such motor-vehicle upon any public highway." It is not so stated in the complaint. The material facts found by the trial court are that the plaintiffs' motor-truck, on the day of the collision, "became disabled in Brookfield," which is about twenty-five miles from Bridgeport; that from that place it "was towed" by the truck of one Edwards to a garage in Bridgeport owned by another person; that the plaintiffs' driver steered their truck while it was thus towed; that in front of the garage the Edwards truck was detached from the plaintiffs' truck, moved around to its rear, and began to push it into the garage across the tracks of the defendant; that during this operation the Edwards truck stopped pushing the plaintiffs' truck for a moment, and backed away from it to get into another position to continue to push it into the garage; that when the Edwards truck thus backed away from the plaintiffs' truck, it left it with a few inches of its rear end projecting over the defendant's tracks; that the defendant's trolley-car, approaching at that instant, collided with the plaintiffs' truck thus standing, and caused the damage complained of; and that the plaintiffs' driver had nothing to do with this moving and placing of the plaintiffs' truck, and was not on it at the time.

In such circumstances, this motor-vehicle was not in operation within any recognized definition of the word. It was not in "the state of being at work," or in the "active exercise of some specific function." Century Dictionary. It was not performing any work or producing any effect. Webster's Dictionary. It was not in

"the exertion or action of any form of power or energy." Standard Dictionary. Nor was this motortruck making such a stop "as motor-vehicles ordinarily make in the course of their operation," nor a stop "fairly incidental to its operation." *Stroud* v. *Water Commissioners*, 90 Conn. 412, 414, 97 Atl. 336; *Commonwealth* v. *Henry*, 229 Mass. 19, 22, 118 N. E. 224. In the former case, the owner drove his automobile from Middletown to Hartford, and, arriving at the Hotel Heublein, left the car standing on the highway in a parking-place opposite the hotel, with its power shut off, brakes set, and no one in charge; and, after it had been run into and injured, the owner drove his car back to Middletown. We held (p. 415) that in such circumstances the motor-vehicle "was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling, or delivering merchandise." With similar facts before it, the Massachusetts court reached the same conclusion. The simple statement of the facts in the present case demonstrates clearly that the plaintiffs' motor-vehicle was not at the time of its injury "in the ordinary course of operation." Indeed, it cannot be said that the vehicle was in operation of any kind. It was the Edwards car only that was in operation within any of the recognized definitions of that word.

It is admitted that the plaintiffs' driver, who was with their motor-vehicle when it became disabled, was "an unlicensed person in violation of the provisions of" the Act concerning motor-vehicles. The second question, therefore, is whether the plaintiffs' vehicle "was being operated" by him. We think it was not. It is true that it is found that, after the plaintiffs' truck was disabled so that it had to be towed by the Edwards truck, he steered the plaintiffs' truck; but he did not cause that truck "to move or perform the acts desired," or "direct" its "working." Century Dictionary. At

the time of the collision he had nothing to do with its movement or position. It was not operated by him, and so it is immaterial that he was unlicensed on the day of the accident. The plaintiffs' ground of action lies outside of the lines of prohibition fixed by the section of the Motor Vehicle Act upon which the defendant relies in its reasons of appeal.

The conclusions of the trial court concerning the negligence of the defendant are well supported by the facts found, and its judgment must be affirmed.

Incidentally to its reasons of appeal, the defendant contends that the burden of alleging and proving that the plaintiffs' car was registered, and its driver was licensed, rested on the plaintiffs. In this we think the defendant is right. Whatever may be the rulings in other jurisdictions, they have no force with us, because they were not made respecting any statute similar to ours. Like the statutes of many other States, our general Act concerning Motor Vehicles (Public Acts of 1919, Chap. 233) requires that every motor-vehicle shall be registered in a manner prescribed, and shall be operated only by a licensed person; and it prescribes penalties for violation of these provisions. But it goes further, in § 44, and declares that "no recovery shall be had in the courts of this State by the owner of a motor-vehicle" which has not been registered, or which is operated by an unlicensed person. It follows that in any action to recover for "injury to person or property received by reason of the operation of" a motor-vehicle "upon any public highway," the plaintiff must take up the burden of proving that such motor-vehicle was registered and was operated by a licensed person. Those facts are indispensable requisites to his recovery, and it would be an inexcusable waste of time to present evidence to prove other facts until those requisites have been established. The necessary information and evidence the plaintiff usually has

or can always easily procure before he begins his suit, while it will often be difficult and troublesome for the defendant to obtain them, especially if considerable time has passed since the alleged injury was received. Reasonably and logically, therefore, the plaintiff in this kind of cases should allege the necessary registration and license in his complaint, and prove them at the outset of the trial. We believe that this has been the general practice hitherto. In the present case, however, it was not applicable for the reasons we have stated.

There is no error.

In this opinion the other judges concurred, except BEACH, J., who concurred in the result only.