ARTHUR E. ANDREWS vs. JOHN OLAFF, JR.

* Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The mere fact that an unlicensed operator of a motor-vehicle has obtained a verdict and judgment in a court of this State for damages for an injury to his person and property, despite the provisions of §§ 7 and 47 of Chapter 333 of the Public Acts of 1917, does not necessarily and as matter of law require a court of equity to enjoin the collection of such judgment, or to furnish the means of nullifying it by granting a new trial. If—as in the present case—the unlicensed operator, who had already applied for a license which was issued the next day, believed in good faith that he was then duly licensed and so told his counsel, and a stipulation between counsel that such party was so licensed at the time of the accident is made and filed of record, and especially if the losing party has made no effort whatever during the three years intervening between the accident and the date of trial to ascertain whether the plaintiff was licensed or not,—the court may well refuse to interfere, and base its refusal upon the ground that the petitioner for a new trial had not exercised due diligence to procure the evidence, readily obtainable, which he now asserts is newly-discovered.

Such original judgment, rendered under such circumstances, does not violate the public policy of the State, nor is it void for want of jurisdiction in the court.

The petitioner for a new trial contended that the plaintiff in the original action was estopped, by his statement that he was duly licensed at the time of the accident, from claiming want of due diligence upon

* Transferred from the second judicial district.

Andrews *v.* Olaff.

the petitioner's part in discovering the contrary. *Held* that inasmuch as the statement was made in perfect good faith and in an honest belief of its truth, and the petitioner's lack of diligence was entirely unconnected therewith or influenced thereby, this contention was without foundation in law and equally unavailable upon the facts.

Argued June 15th—decided July 27th, 1923.

PETITION for a new trial upon the ground of newly-discovered evidence, alleging also fraud, deceit and perjury by the defendant in obtaining the judgment against which relief was sought, brought to and tried by the Superior Court in New London County, *Webb, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The trial court found that on June 5th, 1918, John Olaff, Jr., the defendant in the present case, was injured in person and property by a collision of the automobile of the plaintiff, Andrews, with a motorcycle driven by Olaff. Prior to the collision on the same day, Olaff had filled out and sworn to an application for a driver's license, and also had been examined as to his ability to operate a motorcycle by an inspector of the motor-vehicle department, and his application had been approved by the inspector. Later on said day Olaff forwarded his application by mail to the commissioner of motor vehicles at Hartford, who received it on June 6th, 1918, and on that day issued a license to said Olaff to operate a motorcycle, and mailed it to the latter at Yantic, Connecticut. Olaff received the license not earlier than June 6th. Prior to that time Olaff had not had a license to operate any sort of motor-vehicle for the year 1918, was not on June 5th, 1918, a licensed operator of any motor-vehicle, and at the time of the collision had not in his possession any certificate of license to operate a motorcycle or other motor-vehicle.

Subsequent to June 5th, Olaff brought an action against Andrews returnable to the Superior Court in New London County on the first Tuesday of December, 1918, to recover damages for injury to person and property sustained through the negligence of Andrews. Said action was tried to the jury and Olaff had a verdict for $1,000 damages, and judgment was rendered thereon in his favor November 29th, 1921. The trial of the action commenced November 10th, 1921. More than three years elapsed from the time of said collision to the commencement of the trial of said action, and two years and eleven months between service of process therein and the trial.

Immediately prior to the said trial, counsel for Olaff, the plaintiff, called the attention of counsel for the defendant to the fact that neither had alleged in his pleadings that his client was a licensed operator of a motor-vehicle, nor that his client's motor-vehicle was duly registered, and suggested that the pleadings be amended by addition of an allegation to that effect in both the complaint and a counterclaim filed in said action; that the counsel for the defendant then suggested that a stipulation to that effect be read into the record, and inquired from the counsel for the plaintiff if his client had an operator's license and if his motor-vehicle was registered at the time of the collision, to which counsel for the plaintiff replied that he had not ascertained the facts in that regard but would inquire from his client, and inquired of the counsel for the defendant if his client had an operator's license and if his motor-vehicle was duly registered, to which the counsel for the defendant replied he presumed his client was a licensed operator and that his motor-vehicle was registered, but that he would ask his client. Each counsel inquired of his respective client as to the facts in this regard, and reported, each to the other, that his client

was duly licensed and his car duly registered at the time of the collision. Other than this information received from their respective clients, both counsel had no knowledge as to the facts in regard to their respective clients being duly-licensed operators, or having had duly-registered motor-vehicles at the time of the collision.

Counsel for said John Olaff, Jr., and counsel for said Arthur E. Andrews, relying on the aforesaid statement of their clients, and for the purpose of obviating the necessity of amending their pleadings, entered into a stipulation to the effect that said John Olaff, Jr., and said Arthur E. Andrews were, on said 5th day of June, 1918, duly-licensed operators of motor-vehicles on the public highways under the laws of this State.

On the trial Olaff, in reply to questions asked by counsel for Andrews, testified that he was on said 5th day of June, 1918, a duly-licensed operator of motor-vehicles, and that he had received his said license the day before said accident.

When Olaff testified at the trial his operator's license for the year 1918 was in his pocket, but he was not requested to produce it either on direct or cross-examination. When he testified, Olaff was ignorant that his operator's license was not issued until June 6th, nor had he examined it sufficiently to ascertain the date of issue. He erroneously but in good faith assumed, from his examination by the inspector and the latter's approval of his application, that he was authorized to operate the motorcycle. In stating to his counsel that he was a licensed operator at the time of the collision, and in so testifying at the trial, Olaff did so believing that such was the fact, and without fraudulent intent or intent to deceive or commit wilful perjury.

During the period of three years elapsing between the collision and the trial of the action of Olaff *v.* Andrews, neither the latter nor his counsel made any

effort to ascertain from the commissioner of motor vehicles, or from any other source, whether Olaff was a licensed operator on June 5th, 1918. The facts in regard to this matter could easily have been ascertained before the trial of the action. Subsequent to the trial and judgment Andrews discovered that Olaff was not a licensed operator on June 5th, 1918. On December 19th, 1921, Olaff took out execution on his judgment, and a deputy-sheriff levied the same upon property of Andrews and took possession of the same for the purpose of selling it in satisfaction of the judgment. The temporary injunction in the present action was issued December 22d, staying further service of the execution.

Upon the foregoing facts the court held that plaintiff had not exercised reasonable diligence to ascertain the real facts regarding the defendant's want of an operator's license on June 5th, 1918, and rendered judgment for defendant. Further facts appear in the opinion.

*Charles Hadlai Hull*, with whom, on the brief, was *Arthur F. Libby*, for the appellant (plaintiff).

*Thomas M. Shields*, for the appellee (defendant).

KEELER, J. In the complaint it is alleged that Olaff secured judgment in his action against Andrews by fraud, deceit and perjury in his testimony at the trial, intentionally committed to prevent Andrews from taking advantage of Olaff's lack of an operator's license, and also that since the judgment Andrews had discovered new evidence contradicting Olaff's testimony. At the trial, plaintiff made the further claim that the judgment rendered against himself in the original action was void as contravening the public policy of the State, and its enforcement should be enjoined regardless of

what occurred at the trial; that as Andrews' counsel relied upon Olaff's positive statement that he was at the time of collision a licensed operator, Olaff is estopped to claim that Andrews and his counsel failed to exercise reasonable diligence; that Andrews did use reasonable diligence under the facts found, and was not negligent. These claims are stated in various forms in the reasons of appeal, but, as above stated, comprehend the sum of plaintiff's assignments of error, and are such as were pursued in the brief and on argument in the instant case.

The claim that the judgment rendered in the original action is void, is based on § 7 and § 47, of Chapter 333 of the Public Acts of 1917. Section 7 (a) provides that "no person shall operate a motor-vehicle upon any public highway of this State until he shall have obtained from the commissioner a license for such purpose." Section 47 enacts that no recovery shall be had in "the courts of this State by the owner of a motor-vehicle . . . if said vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of sections seven, eight or nine of this Act."

The contention of the appellant upon this point is somewhat obscure and confused, as to whether he claims that the lack of a license as set forth in the statutes is jurisdictional and the original action one which the court could not have entertained, or whether the result reached was entirely contrary to the public policy of the State. In either case, however, his contention seems to be that whenever, and however it may be made to appear, that an unlicensed driver has recovered in a civil action for damage to person or property, then the court is called upon by injunction to enjoin the execution of the judgment or to furnish the means of nullifying it by granting a new trial.

The court clearly had·jurisdiction to entertain the case,.jurisdiction both of the person and subject-matter, and Olaff, the plaintiff, was under no personal disability to bring an action. Such an action was not subject to abatement. Had it been, the course of pleading followed was not adapted to raise the question.

It is undoubtedly the design and intent of the law relating to motor-vehicles, in regulating their proper and safe use, to provide for registration of the vehicle and license of the operator, and the regulations adopted have the sanction of fines for disobedience of their provisions, and also of depriving unlicensed operating owners of a recovery when injured in person and property by others upon the highway. The object was to prevent a recovery where otherwise the plaintiff would be entitled thereto. *Stroud* v. *Water Commissioners*, 90 Conn. 412, 97 Atl. 336. The additional burden has been placed on him to allege and prove registry and license as indispensable requisites of recovery. *Dewhirst* v. *Connecticut Co.*, 96 Conn. 389, 114 Atl. 100. The object of the law is to make it highly advisable and distinctly popular for operators to obtain licenses, and decidedly. hazardous and indiscreet not to do so. Olaff came into court with a burden of proof regarding his right to operate, but he was under no disability to sue, nor was the court without jurisdiction to hear his plea.

When the trial of the action was about to begin, it became apparent to counsel that neither had alleged the licensing of their respective clients, and amendment of the complaint and of the defendant's counterclaim was suggested. Had such amendments been made, the allegations thereof would have been admitted or denied. If admitted, precisely the same result would have been attained as was effectuated by the stipulation read into the record. The stipulation was a substitute for proof, and dispensed with evidence.

When the cause was tried and judgment rendered, there appeared of record, not a case in which an unlicensed operator had received judgment in his favor, but in which a licensed operator had taken judgment. Defendant had a right to require proof of this fact; he had an equal right to waive proof, either by an admission of a paragraph plead, or by the terms of a stipulation regarding the fact. In either event the fact was in the record, binding the parties, the jury and the judge. Nothing had been done which contravened the public policy of the State and required the courts of the jurisdiction to nullify the judgment at all events and in any possible way, since the matter concerned a private and not a public right. There is no merit in the contention that the judgment rendered was void, for want of jurisdiction in the court, or because contrary to public policy.

Passing to the question of due diligence on the part of Andrews in not advising himself of the facts regarding Olaff's license, which is the principal point in the instant case and the one on which the trial judge placed his decision, we have to observe at the outset that the trial judge has found a lack of diligence as an ultimate fact, which must stand if reasonably supported by the subordinate facts appearing in the the record.

The attitude of counsel on both sides of the controversy, as to the fact of their respective clients having operators' licenses as disclosed in the finding, shows that to none of them had the fact appeared important; apparently it had not occurred to either of them until they were in court to commence the trial. Each of them had had nearly three years in which to ascertain the fact, easily and expeditiously obtainable by inquiry at Hartford. The fact assumed great importance in the mind of Andrews' counsel directly after judg-

ment in the action. That he did not realize its importance before, is a clear indication of negligent preparation, and an example of wisdom after the event. Due diligence is manifested by foresight, and a want of it is not excused by activity following disaster. Counsel on neither side were deceived or lulled to sleep by the statement made by opposing counsel; each seemed entirely satisfied by the assurances given in regard to licenses by the parties litigant. Their apparent interest was in keeping the record straight, rather than ascertaining a doubtful fact. A stipulatory agreement thus arrived at ought not to be disturbed, or relief afforded contravening it, unless one party deceived the other by false and fraudulent statements known to be untrue, or recklessly made without regard to the fact or definite information. The court has found that Olaff was honestly ignorant of the fact that his license was not issued till June 6th, that he had not examined it with sufficient care to be sure, and in good faith assumed that after approval of his application by the inspector he was authorized to operate his motorcycle, and that in stating to his counsel that he was licensed he did so with an honest belief that such was the fact.

Much is made of the fact that Olaff gave testimony at the trial to the same effect as his statement to his counsel, and Andrews' counsel claim that he committed wilful perjury which resulted in still further deception. He was not called upon to give any such testimony, and it might have been excluded on objection. 5 Wigm. Ev. (2d Ed.) § 2591. The stipulation entered into was conclusive as to the fact covered thereby. Andrews could not have introduced testimony contradicting it. 5 Wigm. Ev. (2d Ed.) § 2588. However, he was on the stand apparently testifying without objection, he reiterated his former statement as to the fact of having a license and that he had a license on June 5th, and in fact had the li-

cense in his pocket. Then was the time for Andrews' counsel to ask if Olaff had it and for its production; it would have disclosed the inaccuracy of his former statement, and the court would without doubt have favorably entertained a motion to cancel the stipulation. Not to do this, showed a want of diligence exceeding the lack of care in not having made inquiry as to the fact during the space of nearly three years preceding the trial.

Furthermore, the fact that Olaff brought this license with him is evidence of entire good faith. If he had known that it would contradict his previous statement, and the testimony he was about to give, and would disastrously affect his case, then, if he was dishonest, he had only to come to court without it, and excuse its nonproduction, if requested, by the assertion that he had lost or mislaid it. The license was issued in June, 1918, and the trial took place in November, 1921; that the license should not be at hand after that interval of time, would have been readily accepted as an ordinary occurrence and most probable.

The contention that Olaff is estopped to make his claims in defense of the present action, is without foundation in law, and is equally unavailable upon the facts of the case. It is evident from the facts found, that the lack of diligence of counsel was entirely unconnected with any statements made by him. Nothing that he said led them to neglect inquiry for nearly three years, nor to refrain from asking for the production of the certificate which Olaff had in his pocket.

The ultimate conclusion of the trial judge was correct, and it is difficult to see how he could have reached any other result.

There is no error.

In this opinion WHEELER, C. J., BEACH and CURTIS, Js., concurred.

BURPEE, J.    (dissenting).   I agree with the state-
ment that it was the intent and object of Sections 7
and 47 of Chapter 333 of the Public Acts of 1917
(General Statutes, 1918, §§ 1530, 1565) to promote
public safety on the highways of the State, and for that
purpose to forbid any person to operate a motor-
vehicle on our highways until he shall have obtained
a license.   Evidently with the intention that this pro-
hibition should be noted and respected, it was further
enacted that no recovery should be had in the courts
of this State by the owner of a motor-vehicle if it was
operated by an unlicensed person in violation of that
prohibition.   It appears that Olaff, the plaintiff in the
original action, was the owner of a motor-vehicle which
was being operated by himself, and it is admitted that
he was then an unlicensed person.   Hence the statute.
expressly denied his right to recover in his action;
he had no right which any court had power to enforce.
No conduct of the parties, intentional or uninten-
tional, could enable any court to give to him what the
statute has declared he should not have.   Nor could
the fact that the court was deceived and believed that
the plaintiff was a licensed person, and therefore had
a right to have a recovery; for, of course, the powers
of any court are not what it may believe them to be,
however honestly and reasonably, but what the law
has given.   If any court assume to grant a relief which
the law has expressly declared that certain persons
should not have, its acts will be illegal and void, and
will be so from the beginning, whether the court be
ignorant of the statute or of the facts essential to its
power to act.   We cannot avoid the fact that the plain-
tiff in the original action is now attempting to enforce
a recovery which the law forbade him to have.   Can
this unqualified prohibition be disregarded now by a
court which knows the facts because another court,

whose action is in question, acted in ignorance of them?

I cannot agree with the statement in the opinion of the majority that "nothing has been done which contravened the public policy of the State," and that no public right is concerned. Certainly, it seems to me, it is the policy of the State that its laws should not be evaded or disregarded, even in ignorance and good faith, and the rights of the public are concerned in the enforcement of any law designed and intended to promote the public safety.

I am not disposed to question the conclusion of the trial court that the plaintiff in this action did not exercise reasonable diligence to ascertain the real facts regarding the defendant's want of a license, but it does not follow that the defendant's recovery in the original action is valid and enforceable. I think an injunction to restrain the further execution of the judgment of recovery rendered in the original action should have been granted.