PHILIP W. RYAN *vs.* WILLIAM A. GOODRICH, SR.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d—decided November 25th, 1929.

*Edward J. Finn,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant).

HINMAN, J. Nonsuit was granted on the ground that the plaintiff's motor vehicle was not legally registered at the time of the collision, and in consequence he was barred of recovery. The plaintiff's car had been duly registered in 1927, and this registration "continued in force until midnight on the 31st day of December" of that year. Public Acts of 1921, Chap. 400, § 11(b). The collision occurred at about 1.30 o'clock in the morning of January 1st, 1928. The plaintiff had not obtained, or applied for, registration for the year 1928. The pertinent provision of the statute (Public Acts of 1921, Chap. 400, § 61) then in effect, but repealed by Chapter 256 of the Public Acts of 1929, is that "no recovery shall be had in the courts of this State by the owner of a motor vehicle which has not been legally registered . . . for injury to person or property received by reason of the operation of such motor vehicle upon any public highway." The purposes of the requirement of registration of motor vehicles include identification and revenue. *Shea* v. *Corbett,* 97 Conn. 141, 145, 115 Atl. 694. It is essential to the latter purpose, especially, that the period of one registration be definitely limited and a renewal, conditioned upon payment of another registration fee,

be required as a prerequisite to continued operation beyond the specified time of expiration. In order to promote compliance with these statutory requirements as to registration, the legislature supplemented the imposition of fines for disobedience by requiring proof of registration as an indispensable requisite for recovery, with the object of thereby making it highly advisable for car owners to obtain and renew such registration and "decidedly hazardous and indiscreet not to do so." *Andrews* v. *Olaff,* 99 Conn. 530, 536, 122 Atl. 108; *Dewhirst* v. *Connecticut Co.,* 96 Conn. 389, 114 Atl. 100; *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 Atl. 336. Neither expressly nor by implication did the statute in question afford any authority or opportunity to ameliorate this consequence of operation without legally effective registration, however short the time after the prescribed termination of an expired registration or whatever the intention of the owner to obtain, at some time thereafter, a renewal of his certificate. The fact, which the appellant principally urges, that prosecutions for failure to obtain registration have sometimes been refrained from for a brief period following the annual expiration date is of no significance in this connection.

There is no error.

In this opinion the other judges concurred.