HARRY ATWOOD ET AL. *vs.* CROWE AND COMPANY.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 22d—decided November 25th, 1929.

*Maurice Gruskay,* for the appellants (plaintiffs).

*Martin E. Gormley,* for the appellee (defendant).

HINMAN, J. The plaintiffs' car, at the time of the collision which caused the damage thereto, August 4th, 1927, was being operated by a salesman named Burke who had been employed by the plaintiffs since June, 1927. During the time he was so employed Burke did not possess an automobile operator's license, that formerly held by him having been suspended. The plaintiffs did not know and made no inquiry as to whether he was legally licensed to operate motor vehicles, but having seen him operating automobiles as a salesman prior to his employment by them, assumed that he had

an operator's license. The trial court held that the plaintiffs were deprived of remedy by the provision in § 61 of Chapter 400 of the Public Acts of 1921 that "no recovery shall be had in the courts of this State by the owner of a motor vehicle . . . for injury to person or property received by reason of the operation of such motor vehicle upon any public highway . . . if such motor vehicle . . . was being operated by an unlicensed person" in violation of those sections of the Act pertaining to operators' licenses. The reasons of appeal question the applicability of these provisions to the facts of this case, and the constitutionality of the statute.

No question is made that Burke was unlicensed at the time, although he had formerly possessed a license, which had been suspended. "It is very plain that § 61 is concerned with imposing a disability to sue upon an owner who had not registered his vehicle, or who had allowed it to be driven by an unlicensed operator." *Wise* v. *Berger,* 103 Conn. 29, 35, 130 Atl. 76. The purpose of the statute was to promote and secure compliance with the requirements for registration of motor vehicles and operation thereof by qualified and licensed operators, only, by supplementing the prescribed penalties for violation by a denial of recovery as a consequence of non-compliance. *Andrews* v. *Olaff,* 99 Conn. 530, 536, 122 Atl. 108; *Dewhirst* v. *Connecticut Co.,* 96 Conn. 389 114 Atl. 100; *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 Atl. 336; *Ryan* v. *Goodrich, ante,* p. 280, 147 Atl. 870. It was as essential to this object to render it hazardous for an owner of a motor vehicle to entrust its operation to unlicensed persons, as to make it inadvisable for such owner to operate, himself, without having proper registration and operator's license. There is no warrant in the statute for limiting its applicability, as to owners, to operation by

such owners only, or for confining the owner's disability to recover for injuries to the automobile while operated by a servant, to such as are sustained within the scope of the latter's employment.

That the general provisions of the Act (originally § 19 of Chapter 85 of the Public Acts of 1911) are so clear in terms and application as to admit of no implied exceptions is manifested by the amendment embodied in the Act of 1919 (Chap. 233, § 44), exempting from disability to recover, a licensed operator who had reason to believe that the motor vehicle was registered, and any passenger who was not aware that the operator was unlicensed or the vehicle not properly registered, and by further amendment in 1921 extending to pedestrians the exemption previously accorded passengers. A similar amendment would be required to permit recovery by an owner who mistakenly believed or assumed that his servant was licensed to operate.

The arguments afforded by the consequences of application of the statute to the facts of the present case cannot avail to obtain the construction sought—which is precluded by its express terms—but would be appropriate to legislative consideration, had not the General Assembly, perhaps for kindred reasons, by Chapter 256 of the Public Acts of 1929, repealed the entire provision here under discussion. However, as it was in effect at the time of the event, it determines the rights of the parties.

The Act is not susceptible to successful attack on constitutional grounds as denying equal protection of the laws, as unreasonable, or otherwise. *Silver* v. *Silver*, 108 Conn. 371, 376 *et seq.*, 143 Atl. 240; *Cotter* v. *Stoeckel*, 97 Conn. 239, 243, 116 Atl. 248; *Young* v. *Lemieux*, 79 Conn. 434, 440; 65 Atl. 436, 600.

There is no error.

In this opinion the other judges concurred.