## MILLER v TRUMMER, Admrx

Ohio Appeals, 5th Dist, Stark Co

No 1461.   Decided October, 1934

M. C. Moore, Alliance, for plaintiff in error.

Seeman & Seeman, Canton, for defendant in error.

## OPINION

By LEMERT, J.

Plaintiff in error contends that the violation of the statutory provision with reference to lights by the decedent was negligence that precludes a recovery in this case, even if we should admit that the defendant below was negligent. We have carefully examined the record before us and we are of the opinion that the testimony clearly shows that the place around the cider mill was well lighted and so well lighted that even though the wagon had been standing on the public highway with a light as the law requires, it would not have assisted or

aided the defendant in error in avoiding the collision. This is borne out by the record on pages 27, 30 and 42 of the bill of exceptions.

Since the record so clearly shows that there was testimony to the effect that the lights around the cider mill were sufficient to enable the defendant to see an object, then it was for the jury to say whether or not the plaintiff contributed to his injury.

In the case of Hanson v Young, 212 Mich. 508, it is held:

"The absence of a tail light on a disabled motor truck which is standing on the traveled portion of a street underneath an arc light is not, as a matter of law, a contributing cause to the injury of a person, who, while standing by such truck, is struck by a passing automobile."

In 42 Corp. Jur., 1013, it is the duty of a person driving a car to comply with the laws, and non-compliance is frequently regarded as neglect. But such non-compliance is not necessarily a proximate or contributing cause of an accident in which such vehicle is concerned, and under this notation the author refers to the Hanson v Young case with the heading: "Vehicles standing under an arc light."

The testimony clearly shows that the place where the collision occurred was so well lighted up that it was impossible for anyone who was observing not to have seen the horses. The horses and wagon were backed up at an angle of about forty-five degrees and the heads of the horses were about two feet north of the paved road. If this be true, the jury could then have found that the wagon was not on the public highway and there is no law requiring the person to have a lantern attached to the head of the horse or horses.

The further contention is made that the verdict was a compromised verdict. With this we do not agree. The prayer of the petition in the court below was for $728.00. The jury found for the plaintiff below in the sum of $564.00. There was evidence to warrant such finding.

We find no error in this case and the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.