LYDIA E. EHLERT ET AL. v. JOAN McELROY

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 74470

Memorandum filed December 17, 1946.

*Schatz & Weinstein,* of Hartford, for the Plaintiffs.

*Pullman & Comley,* of Bridgeport, for the Defendant.

INGLIS, J.   This is an action for personal injuries sustained by the named plaintiff by reason of the claimed negligence of the defendant.   It is alleged that while the automobile of the defendant was parked at the farm of August Ehlert on the west side of Route 5 in Newington, "by reason of the negligence of the defendant the cover of the trunk of the car fell on the plaintiff."   The allegation as to the location of the car at the time of the accident is somewhat ambiguous.   It may be interpreted as meaning that the car was on the public highway or as meaning that the farm was located on the highway.   For the purposes of this memorandum, however, it will be interpreted as meaning that the car was parked on the highway at the farm.

The defendant is a nonresident of this state.   The only service which was made upon her was by serving on the commissioner of motor vehicles pursuant to § 5473 of the General Statutes. The motion to erase for lack of jurisdiction is based upon the ground that that statute does not provide for such service in such a case as this.

The words of the statute are that "Any nonresident of this state who shall cause a motor vehicle to be *operated* upon any public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant *in the operation of any motor vehicle upon any public highway* in this state may be served upon said commissioner . . ." (Italics added).

In order to qualify under this statute, the case must be one founded on negligence which has occurred in the operation of an automobile on the public highway. The question here, therefore, is whether the defendant's car was being operated, and also whether it was on the public highways that it was being operated.

In interpreting these provisions of the statute, it must be borne in mind that the apparent intent of the legislature was to facilitate the recovery of damages resulting from negligent operation of cars in this state by transients whom it would be very diffcult to serve with process if it were not for this statute. The reason for the statute therefore would apply to the case of anyone who was injured by the negligence of such a nonresident in using his car, whether the car was in motion or stationary.

In interpreting other statutes in this state the term "operation" with reference to motor vehicles has been held to cover situations in which the motor vehicle was parked or standing still, providing that the parking was incident to travel. *Stround* v. *Water Commissioners,* 90 Conn. 412; 414; *Dewhirst* v. *Connecticut Co.,* 96 Conn. 389, 391, *Nichols* v. *Watson,* 119 Conn. 637, 640; *State v. Swift,* 125 Conn. 399, 403.

It is alleged in this complaint that the injury resulted from the operation of a part of the mechanism of the car, i. e., the closing of the trunk cover. It would appear that although the car was at a standstill it was parked as one of the customary incidents of travel. It is therefore concluded that the automobile of the defendant was in operation as that phrase is used in the statute. If, therefore, as assumed above, the car was parked on the highway, the case completely fits into the category prescribed by the statute of cases in which service may be made on the highway commissioner.

There is one other question which arises in connection with this motion. It appears that on October 25, 1945, the defendant filed a special appearance "for the purpose of pleading in abatement and to the jurisdiction," but filed no such plea. She took no further steps until, after the plaintiffs, on March 8, 1946, filed a motion for default for failure to plead, she filed an answer on March 12. She has never filed a general appearance. The plaintiff now contends that the filing of the answer operated as a waiver of the defendant's objection to the jurisdiction of the court.

It is to be noted that the defendant here has not prayed any affirmative relief. In that particular the case is distinguishable from *Receivers of Middlesex Banking Co.* v. *Realty Investment Co.*, 104 Conn. 206. It is more nearly analagous to *Coyne v. Plume*, 90 Conn. 293, although that case was somewhat different in that there a plea to the jurisdiction had been filed and overruled before the answer was filed. The latter case holds that a motion to erase for lack of jurisdiction may be filed at any stage in the case and that it is proper ground for such a motion that a nonresident defendant has neither been served in this state nor has voluntarily appeared and submitted himself to the authority of the court.

In the present case, lacking a general appearance on behalf of the defendant, even though an answer has been filed under compulsion, if there had been no service upon the defendant or her agent in this state the question of jurisdiction might still be raised.

However, as is above concluded, there has been by virtue of the statute the equivalent of personal service upon the defendant within this state. For that reason the motion to erase is denied.