MARGUERITE CROTEAU & another *vs.* ERNEST LOWINSKI.

Hampden. September 23, 1954. — April 4, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Motor Vehicle*, Lights, Parking. *Way*, Public: traffic regulations, parking. *Negligence*, Motor vehicle.

Violation of G. L. (Ter. Ed.) c. 90, § 7, was not shown by the parking of an unlighted motor vehicle at night on a street in a city which had an ordinance providing that "in accordance with" § 7 such parking was "permitted on all streets."

The circumstances in which the operator of a motor truck parked it without lights at night at the right side of a dark city street next to a wide snow bank did not warrant a finding of negligence on his part, aside from any violation of law, toward persons injured when an automobile ran into the truck.

TORT. Writ in the Superior Court dated August 19, 1950. The action was tried before *Goldberg*, J.

It appeared from the bill of exceptions, among other things, "that at the place of the accident it was pitch dark, that there were no lights on the street, that at the place of the accident Grattan Street is from thirty-eight to thirty-nine feet in width, that the . . . [automobile in which the plaintiffs were riding] was traveling from three to four feet to the right of the white center line, that the defendant's truck was stationed on the side of a snow bank next to the right curb, said snow bank being three feet high and from four to five feet wide, that there were no lights on the truck, that the car struck the truck."

In this court the case was submitted on briefs.

*Oscar O. Lamontagne*, for the plaintiffs.

*James P. Moriarty & John F. Sullivan*, for the defendant.

LUMMUS, J. On February 20, 1950, the plaintiffs Marguerite Croteau and Vivian Thibeault were riding in an automobile on Grattan Street in Chicopee when it struck a truck owned by the defendant which had been parked by him without lights on it on the right hand side of the street,

to the injury of the plaintiffs. After verdicts for the plaintiffs, the judge under reserved leave entered verdicts for the defendant, and the plaintiffs excepted.

The declaration alleged violation of law in parking the truck without lights, and not negligence. The time of day was half past seven in the evening, which on February 20 would be more than one half hour after sunset. General Laws (Ter. Ed.) c. 90, § 7, the material parts of which have not been changed since, provided that every automobile operated during the period from one half an hour after sunset to one half an hour before sunrise shall display certain described lights, but provided that "an automobile need display no light when parked within the limits of a way in a space in which unlighted parking is permitted by the rules or regulations of the board or officer having control of such way." An automobile, though parked, is "operated" within the statute. *Commonwealth* v. *Henry*, 229 Mass. 19. *Bachand* v. *Vidal*, 328 Mass. 97, 101.

An ordinance of the city of Chicopee provided as follows: "In accordance with the provisions of Chapter 90, Section 7, of the General Laws, parking of a motor vehicle at night without lights is hereby permitted on all streets."

An ordinance may properly deal with the use of streets. *Commonwealth* v. *Kimball*, 299 Mass. 353, 357. *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18. *Commonwealth* v. *Wolbarst*, 319 Mass. 291, 293. The ordinance seems to us to supplement, and not to contradict, the statute. The statute dispenses with parking lights "within the limits of a way in a space in which unlighted parking is permitted by the rules or regulations of the board or officer having control of such way." The ordinance in substance includes the whole way in such a "space."

The declaration sets out violation of law, and not negligence. We find no violation of law. But if the plaintiffs could recover on proof of negligence apart from violation of law, we see nothing in the bill of exceptions to warrant a finding that the defendant was negligent.

*Exceptions overruled.*