*Municipal Court of the City of Boston*

No. 94252
**ALBERT E. WARD**
v.
**FALCIONE BROS., INC.**
(February 28—May 19, 1964)

*Present*: Gillen, J. (Presiding), Riley & Morrissey, JJ.

Case tried to *Lewiton, J.*

*Morrissey, J.* This is an action of tort to recover for damages to the plaintiff's automobile allegedly caused by the negligence of the defendant on January 15, 1963 on Beacon Street at the intersection of Chestnut Street in Newton, Massachusetts.

The defendant waived parts of its answer at the trial so that it then consisted of a general denial, a denial of agency and an allegation of contributory negligence. The defendant now additionally waives the allegation of contributory negligence—leaving the general denial and the denial of agency.

*The plaintiff testified that* he was the owner of a 1960 Chevrolet Station Wagon which was damaged at the said place and time

while being operated by his wife, Lillian Ward, on her own personal business.

*Lillian Ward,* called by the plaintiff, testified that on the said date at about 7:40 P.M. she drove her husband's car from their home on Beacon Street and proceeded in a westerly direction. The night was clear and the road dry. It was dark and Mrs. Ward had the headlights on as she proceeded along. After travelling a short distance Mrs. Ward approached the intersection of Chestnut and Beacon. There was nothing obstructing her vision. Having a green light on the traffic signal, she went through the intersection. She observed on-coming traffic heading easterly on Beacon. Suddenly, on Beacon Street, beyond the further side of the intersection, there loomed in front of her a motor vehicle. This vehicle was partly on the travelled part of the way in front of her and partly off the way. She first saw the truck when she was practically on top of it and she drove into and collided with it. The lower right corner of the front windshield of the plaintiff's station wagon struck the tail gate of the defendant's truck. At the time of the collision the defendant's truck was up on a grass plot on the right hand side of Beacon Street, headed west, about twenty-five feet from the northwest corner of the intersection. At this point there is no sidewalk on Beacon Street and Mrs. Ward testified the truck was up over the curb with its rear end extending out onto the travelled part of the way. That

there were no lights on the truck at the time of collision. That there was a street light burning on the southwest corner of the intersection. On cross examination, Mrs. Ward testified she was familiar with the area and she identified exhibits three and four, photographs produced by the defendant. She agreed that these photographs showed street lights on the northwest as well as the southwest corners but testified she was not sure they were there at the time of the accident. She further testified that the lighting was not very good at the scene of the accident.

Mrs. Ward testified that the defendant's truck was unattended at the time of the collision, there was no operator present and no employee of the defendant was in the area.

It was agreed that the truck with which the plaintiff's vehicle collided was registered in the name of the defendant as the owner.

At the time of the collision there were no other moving vehicles at the intersection or the surrounding area.

*Officer Gerald Flagg* of Newton Police Department, called by the plaintiff, testified that he was on duty, January 15, 1963, at about 6:30 P.M., more than an hour before the collision when he came upon a truck with markings on the side identifying it as the defendant's vehicle parked on Chestnut St., Newton, near the intersection of Chestnut and Beacon Streets, Newton. It was blocking traffic and that he called into headquarters

to report it and requested a tow truck. He then left this area and did not return until a short time after 8:00 P.M. and that the defendant's truck was now on the right hand side of Beacon Street with its cab and body (about eight feet) on the grass island and its rear extending out (about twelve feet) onto the travelled part of the way where the plaintiff's car had collided with it. That the defendant's truck did not have any lights on and was directly under the street light on the northwest corner and that this street light was on and the area was well illuminated and that after he had been on the scene for some time Charles Hennessey, an employee of the defendant, arrived.

*Charles Hennessey* testified: On January 15, 1963 he was employed by the defendant as a truck driver and was operating a vehicle on Chestnut Street, Newton. The vehicle was a 1955 International Van 2½ tons which was 14 feet long, 12 feet high and 7 feet wide. About 6:00 P.M. that night his truck became disabled while on Chestnut Street and he couldn't continue on or move it because the brakes locked. He left it on Chestnut Street near the intersection of Beacon Street. He left it with the parking lights on and the keys in the ignition. From there he secured a ride from a passing motorist to Auburndale a distance of two miles arriving there about 6:15 P.M. He called his employer and reported the breakdown. He then waited at Auburndale for his employer to pick him up.

While waiting to be picked up he stayed in Auburndale and did not return to the area where he had left the truck for about two hours.

He further testified: When he arrived at Chestnut Street with his employer about 8:10 P.M. he found that someone unknown to him had moved his truck around the corner onto Beacon Street and up onto the grass plot with its rear sticking out. It was under the street light on the northwest corner, the street light was on and the area was well-lighted. The truck was parked at such an angle that its reflectors were visible to oncoming traffic, and he did not know who moved his truck or how it was moved, but the brakes were still locked and truck still immovable.

It was agreed that if there were a recovery for the plaintiff it would be for $1300.

At the close of the trial and before the final arguments the defendant made the following requests for rulings on which the court acted as indicated:

1. The evidence warrants a finding for the defendant. *Granted.*
2. The evidence does not warrant a finding for the plaintiff. *Denied.*
3. There is insufficient evidence to warrant a finding of negligence of defendant's part which caused the accident. *Denied.*
4. A stationary motor vehicle on a highway having no operator and being otherwise unattended is not being operated within the purview of Mass. G. L. c. 231, §85A. *Denied*

*as inapplicable. Issue here is whether alleged negligent operation of truck off of the highway and onto the grass plot, and leaving it there with rear end extending onto roadway without lights was conduct coming within G. L. c. 231, §85A.*

The court found for the plaintiff.

In the instant case the trial judge found that a bailment existed and the defendant had waived his defense of contributory negligence. The only question then for the trial judge to decide, was whether the plaintiff sustained the burden of proving negligence on the part of the defendant. *Nash v. Lang,* 268 Mass. 407.

The defendants claim to be aggrieved by the trial judge's denial of his request for ruling No. 3, is without merit. It is crystal clear from a reading of the record that there was sufficient evidence to warrant a finding that the negligence of the defendant did cause the accident.

The trial judge was also correct in denying as inapplicable defendant's request for ruling No. 4. As the trial judge plainly pointed out, the issue is whether the alleged negligent operation of the truck, off the highway, onto the grass plot and leaving it there with the rear end extending onto the roadway without lights, was conduct coming within G. L. (Ter. Ed.) c. 231, §85A. As disclosed in the trial judge's report, the driver of the truck testified as to his employment by the defendant

and that he left the automobile to report to his employer.

The trial judge had the opportunity to have the driver of the truck before him, and could evaluate his testimony, accepting parts of his testimony and rejecting other parts, as he saw fit, and could draw the inference from all the testimony adduced as to where the truck was left by the defendant's employee driver.

Again a careful reading of the material parts of this statute would clearly show that it does come within the meaning of G. L. (Ter. Ed.) c. 90, §7.

" . . . . . G. L. c. (Ter. Ed.) c. 90, §7, the material parts of which have not been changed since, provided that every automobile operated during the period from one half an hour after sunset to one half an hour before sunrise shall display certain described lights, but provided that 'an automobile need display no light when parked within the limits of a way in a space in which unlighted parking is permitted by the rules or regulations of the board or officer having control of such way.' An automobile, though parked, is 'operated' within the statute." *C. v. Henry,* 229 Mass. 19; *Bachand v. Vidal,* 328 Mass. 97, 101; *Croteau v. Lowinski,* 332 Mass. 444.

*Report dismissed.*