JACOB NATHAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, In use of highway, Contributory. *Motor Vehicle*. *Practice, Civil*, Exceptions.

In an action against a corporation operating a street railway for damage to a motor car belonging to the plaintiff from being run into by an electric car operated by the defendant's servants, where the defence alleged was want of due care on the part of the persons in charge of the plaintiff's car, it appeared that the plaintiff's car was being tested by two men from a garage where it had been overhauled, one of whom was driving it, and that the accident happened at the intersection of two streets. Both the men in the plaintiff's car testified that they approached the intersection at a low rate of speed, sounding a signal and looking out for electric cars. The one who was driving testified further that he knew that cars ran on the street they were approaching "and that he knew the corner in question was a dangerous one for that reason." The plaintiff then offered to show by the testimony of the same witness that as they approached this street, which was called Brookline Avenue, the other man said to him, "Look out for the Brookline Avenue cars." The trial judge excluded the evidence offered and found for the defendant. *Held*, that the exclusion of the evidence presented no reversible error of law, because the driver of the plaintiff's car had testified that he already was alert and was looking out for electric cars, so that the warning of the other man, which the

plaintiff offered to prove, was of no essential probative value and its exclusion could not have harmed the plaintiff.

TORT for damage to a motor car belonging to the plaintiff from being run into by an electric car operated by the servants of the defendant in April, 1916, at the intersection of Brookline Avenue and Emerald Street in Brookline. Writ in the Municipal Court of the City of Boston dated August 17, 1916.

The defendant's answer contained a general denial and an allegation that at the time of the accident the plaintiff was not in the exercise of due care.

At the trial in the Municipal Court the plaintiff introduced evidence tending to prove that the plaintiff's motor car had been overhauled and was being driven on a test by one Bain and one Stoner, garage men, who just before the accident were driving down Emerald Street toward Brookline Avenue, an obstructed corner; that, as they approached the intersection of Brookline Avenue and Emerald Street, an electric car of the defendant driven on Brookline Avenue approached the intersection at a high rate of speed without giving any signal of its approach and came into collision with the automobile, damaging it.

The defendant introduced evidence tending to show that the plaintiff's car approached Brookline Avenue from Emerald Street at a high rate of speed and without giving any warning of its approach and that the electric car was being operated in a careful manner.

Bain, who was operating the plaintiff's car, and Stoner, who was with him, both testified on behalf of the plaintiff, that they approached Brookline Avenue at a low rate of speed, sounding a timely signal and looking out for electric cars. Bain further testified that he knew the cars ran on Brookline Avenue and that he knew the corner in question was a dangerous one for that reason.

As further evidence tending to prove the exercise of due care on the part of the operators of the plaintiff's car, the plaintiff offered to prove by Bain that, as they approached Brookline Avenue, Stoner said to him, "Look out for the Brookline Avenue cars." This evidence was excluded by the judge. The plaintiff objected to the exclusion of this evidence and asked for a report of the case in regard to it.

The judge found for the defendant, and at the plaintiff's request reported the case to the Appellate Division.

The Appellate Division made an order vacating the finding and ordering a new trial. The defendant appealed.

R. L. Mapplebeck, for the defendant.

G. R. Farnum, for the plaintiff.

Rugg, C. J. This is an action of tort to recover compensation for damage to an automobile belonging to the plaintiff arising from a collision between it and an electric car of the defendant at the intersection of two streets. The automobile was being driven by one Bain, and one Stoner was with him. The question of fact at issue was whether the collision was due to the negligence of those in charge of the automobile or of the motorman of the car. Both Bain and Stoner testified that they approached Brookline Avenue, one of the intersecting streets, at a low rate of speed, sounding a signal and looking out for electric cars. Bain testified further that he knew the cars ran on Brookline Avenue and that he knew the corner in question was a dangerous one for that reason. As bearing upon the due care of those in charge of the automobile, the plaintiff offered to show that as they approached the intersection of the two streets Stoner remarked to Bain, "Look out for the Brookline Avenue cars." There was no reversible error in the exclusion of this offer of evidence. Whether those in charge of the automobile used due care or not in endeavoring to avoid collision with the electric car depended upon their conduct in view of all the circumstances. It did not depend upon their previous conversation. The driver of the automobile was familiar with the corner and knew that the cars ran upon the street. His testimony as to what he did shows, if believed, that he was acting in the light of his knowledge.

The case at bar is distinguishable from Belleveau v. S. C. Lowe Supply Co. 200 Mass. 237, 241, and Sullivan v. Scripture, 3 Allen, 564, because in both those cases the conduct of two people in active combination and a reliance by one upon the statements and acts of the other was involved in determining the care or negligence of each. There was co-ordination of effort by the two toward a common end, and the extent of dependence which one reasonably might place upon the other was material. In the case at bar a mere warning was given by one to the other in substance to

exercise care, when according to the testimony of each he was already alert and using his faculties to that end. Proof of that fact was of no essential probative value.

The ruling of the trial judge presented no reversible error of law and his decision ought not to have been vacated by the Appellate Division. On the finding of the trial judge judgment should be entered for the defendant in the Municipal Court. *Loanes* v. *Gast*, 216 Mass. 197, 199.

*So ordered.*