JOAN A. VESELY, Admr. of the Estate of Frank Leimgruber *et al.*, Plaintiffs-Appellees, *v.* PRESTIGE CASUALTY COMPANY *et al.*, Defendants-Appellants.

(No. 55046; ▐

First District—March 14, 1972.

*Rehearing denied April 11, 1972.*

Greenbert, Ziv & McCarthy, of Skokie, (Sherwin Greenberg, of counsel,) for appellants.

Kenneth Orth, of Hickory Hills, for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This action was brought by Joan A. Vesely, as administrator of the estate of her father, and by Frank Vesely, her husband. They sought a declaratory judgment finding that an automobile insurance policy issued by defendants covered the decedent, Leimgruber, and Frank Vesely, his son-in-law, when the automobile named in the policy was involved in a collision on February 13, 1968. The trial court entered a summary judgment in favor of the plaintiffs. The defendants have appealed, contending that a condition in the policy excluded coverage when the automobile was being operated by Frank Vesely. Plaintiffs have not filed a brief or appearance in this court, and this fact in itself warrants a reversal of the judgment. However, we have determined that the ends of justice are better served if we examine the issues and render an opinion. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814; *Perez v. Janota*, 107 Ill.App.2d 90, 246 N.E.2d 42; *Matyskiel v. Bernat*, 85 Ill.App.2d 175, 228 N.E.2d 746.

The policy in question became effective on April 28, 1967. It contained a clause entitled "Automobile Endorsement" which excluded coverage when the automobile was being operated by Frank Vesely. The endorsement was signed by Leimgruber and purportedly by Vesely. Vesely contends that the signature appearing on that document is not his.

On February 13, 1968, the insured vehicle was involved in a collision which occurred when Vesely, who had been driving, stopped the car,

left the engine running and went into a package store to purchase liquor. At the time of the collision Leimgruber was in the passenger seat of the car.

In support of his motion for summary judgment, Vesely alleged in an affidavit that Leimgruber had forged his signature on the restrictive endorsement. Summary judgment was entered in favor of Vesely and the court subsequently found that both plaintiffs were covered by the policy.

■■ Defendants contend that Vesely had a bad driving record and that Leimgruber had previously been denied insurance due to the high occident frequency of Vesely. The endorsement was therefore an inducement to the defendants to accept the risk, and as such, must be given effect whether Vesely's signature was forged or not.

■■ The issue on which this case rests is whether Vesely continued to "operate" the vehicle at the time of the accident, notwithstanding the fact that he had left the automobile to go into a store. The word "operate" is not limited to a state of motion produced by the mechanism of the car. Leaving an automobile when its engine is running, while the driver goes into a store—obviously, with the intent of making a quick purchase—is in substance a continued operation of the car by the driver. In *Todd v. Borowski*, 25 Ill.App.2d 367, 378, 166 N.E.2d 296, 302, the court said:

> "The phraseology 'operating his automobile' is not necessarily limited only to a state of physical motion produced by the mechanism of the car, but it includes at least ordinary stops in, on, and about the highway, and those are to be regarded as fairly incidental to the operating thereof: *Commonwealth v. Henry* (1917), 229 Mass. 19, *Hand v. Frazer* (1931), 248 N.Y.S. 557."

In *Hand v. Frazer*, 248 N.Y.S. 557, the defendant contended that "as the accident involved in the case occurred while defendant's truck was standing or parked by a highway, the truck was not then 'being operated' within the meaning of section 52 of the Vehicle and Traffic Law, * * *" The court nevertheless held that the truck was being being operated and cited *Commonwealth v. Henry*, 229 Mass. 19, 22, 118 N.E. 224, 225. The court in *Henry* stated that "[t]he word 'operated' is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation."

In the case before us the stop made by Vesely was incidental to the operation of the automobile, and our conclusion is that Vesely was operating the car at the time of the collision. As the policy did not afford

coverage when Vesely was operating the automobile, the decision of the trial court must be reversed.

Judgment reversed.

STAMOS, P. J., and LEIGHTON, J., concur.

### SUPPLEMENTAL OPINION

After the foregoing opinion had been agreed upon and substantially completed, plaintiffs made a motion for leave to file an answering brief or, in any event, that the court should decide the case on its merits. We have rendered the opinion on the merits and have concluded that it should stand as final.