HERITAGE INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant, *v.* JAMES PHELAN *et al.,* Defendants-Appellees.

(No. 58226;

First District (4th Division)—January 30, 1974.

Rolland H. Stimson, of Chicago, for appellant.

William N. Anthony, of Chicago (Isadore M. Bernstein, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Heritage Insurance Company of America filed its complaint for declaratory judgment against the defendants James Phelan, a minor, by William Phelan, his father and next friend and William Phelan individually, asking that the court find that James Phelan was not covered under the "uninsured motorist" provisions of the policy issued to William Phelan. Plaintiff filed its motion for summary judgment. The parties stipulated to relevant facts. The motion was taken on briefs filed by both parties. The court found in favor of the defendant and dismissed the complaint for want of equity.

On appeal, plaintiff raises the following issues:

1. Whether the court erred in denying plaintiff's motion for summary judgment and dismissing its complaint.

2. Whether James Phelan is excluded from the insurance policy of his father by the restrictive endorsement.

3. Whether James Phelan is excluded from the insurance because he was occupying and/or operating his own uninsured motor vehicle within Exclusion (a) Part IV of the policy.

4. Whether James Phelan is excluded from the insurance provided by Part IV of his father's policy because of the existence of a $50,000 public liability policy applicable at the time and place of injury, i.e. the operator of the Enco Service Station, a joint tort-feasor.

5. Whether the Trust Agreement of Part IV is applicable to funds ($6,000) which James Phelan recovered from the Enco Service Station operator, a joint tort-feasor with the motorist who caused the injuries.

6. Whether Exclusion (b) Part IV applies by reason of the settlement of James Phelan with the insurer of the operator of Enco Service Station, a joint tort-feasor.

Heritage Insurance Company issued its automobile liability policy to William Phelan, father of James Phelan, on June 1, 1964. Said policy was in force at the time of the injury complained of. The definition of "insured" under Part IV (a) is "the named insured and any relative." The policy contained the following language in Appendix A.—Restricted Named Operator Endorsement:

"Named Insured: WILLIAM PHELAN
       5526 S. Massasoit
       Chicago, Illinois
Effective Date:  June 1, 1964 and continuous.

 In consideration of the issuance or continuation of the above described policy, it is agreed that the insurance afforded by the policy shall not apply with respect to the following described operator:

 James Phelan 5526 S. Massasoit Son, age 17."

On May 28, 1966, the son, James Phelan, drove his own uninsured automobile to work and while en route, stopped for repairs at an Enco Service Station. The attendant frequently interrupted his work on James Phelan's car to wait on other customers. James Phelan was assisting the attendant in performing said work. James Phelan was then struck and injured by a motorist who had no liability insurance. James Phelan, a minor, by his father, filed his demand with the American Arbitration Association under Part IV (Protection Against Uninsured Motorists) of his father's policy with Heritage Insurance Company of America. Heritage denied coverage. Defendant also filed suit for personal injuries

(66 L 20145) against Willard Harris, the Enco Service Station operator, who owned and controlled the site of the accident. Said operator was covered by public liability insurance applicable to the accident here involved. The case came on for trial late in 1971 and was settled for Six Thousand ($6,000) Dollars on a covenant.

Appellant asks that the judgment of the trial court be vacated and judgment entered in its favor, with a finding that there was no uninsured motorist coverage applicable to defendant, James Phelan, or in the alternative, that plaintiff insurance carrier be given credit for defendant's recovery of $6,000 from the insurance carrier of the operator of the Enco Service Station to the extent that plaintiff is found liable under Part IV of its policy.

In the case of *Vesely v. Prestige Casualty Co.* (1972), 4 Ill.App.3d 726, 281 N.E.2d 724, this court considered the questions of an automobile endorsement which excluded coverage of a named person. In *Vesely,* the insurance company issued a policy with a restriction similar to the case at bar. The automobile was involved in an accident at a time when it was being driven by the restricted operator. The court said at page 727:

> "The policy in question became effective on April 28, 1967. It contained a clause entitled 'Automobile Endorsement' which excluded coverage when the automobile was being operated by Frank Vesely."

The insured vehicle was involved in a collision which occurred when Vesely, who had been driving, stopped the car, left the engine running and went into a package store to purchase liquor. Mr. Justice Schwartz, with Stamos and Leighton concurring said at pages 728-29:

> "Summary judgment was entered in favor of Vesely and the court subsequently found that both plaintiffs were covered by the policy.
>
> Defendants contend that Vesely had a bad driving record and that Leimgruber had previously been denied insurance due to the high accident frequency of Vesely. The endorsement was therefore an inducement to the defendants to accept the risk, and as such, must be given effect whether Vesely's signature was forged or not.
>
> The issue on which this case rests is whether Vesely continued to 'operate' the vehicle at the time of the accident, notwithstanding the fact that he had left the automobile to go into a store. The word 'operate' is not limited to a state of motion produced by the mechanism of the car. Leaving an automobile when its engine is running, while the driver goes into a store obviously, with the

intent of making a quick purchase—is in substance a continued operation of the car by the driver. In *Todd v. Borowski*, 25 Ill. App.2d 367, 378, 166 N.E.2d 296, 302, the court said:

> 'The phraseology "operating his automobile" is not necessarily limited only to a state of physical motion produced by the mechanism of the car, but it includes at least ordinary stops in, on, and about the highway, and those are to be regarded as fairly incidental to the operating thereof: *Commonwealth v. Henry* (1917), 229 Mass. 19, *Hand v. Frazer* (1931), 248 N.Y.S. 557.'

> In *Hand v. Frazer*, 248 N.Y.S. 557, the defendant contended that 'as the accident involved in the case occurred while defendant's truck was standing or parked by a highway, the truck was not then 'being operated' within the meaning of section 52 of the Vehicle and Traffic Law, * * *.' The court nevertheless held that the truck was being operated and cited *Commonwealth v. Henry*, 229 Mass. 19, 22, 118 N.E. 224, 225. The court in *Henry* stated that '[t]he word 'operated' is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation.'

> In the case before us the stop made by Vesely was incidental to the operation of the automobile, and our conclusion is that Vesely was operating the car at the time of the collision. As the policy did not afford coverage when Vesely was operating the automobile, the decision of the trial court must be reversed."

In the case of *Stephens v. Cottingham*, 237 S.C. 108, 115 S.E.2d 505, 508, the Supreme Court of South Carolina held that a vehicle was being *operated* even though it was parked at a service station temporarily while the driver was eating lunch. In *Liberty Mutual Insurance Co. v. McDonald* (C.C.A. Tenn. 1938), 97 F.2d 497, the court held that a tractor and trailer standing in the highway after it broke down and the cargo was being removed was being operated by the insured.

■■ In the case at bar, James Phelan was driving an uninsured automobile owned by him on his way to work. He stopped temporarily at a service station to repair a heater hose. His intention to continue on his way to work upon repair of the hose is obvious from his testimony. James Phelan had control of his vehicle and was continuing to operate his uninsured automobile. The word "operate" as used in the insurance policy as revealed by cases cited, is consistently interpreted to include activities on the part of the driver which are usual and customary to the

operation of a motor vehicle. Therefore, James Phelan is excluded from coverage under William Phelan's policy, because of the restricted named operator endorsement.

In view of our conclusion that James Phelan is excluded from coverage of William Phelan's policy because of the restricted named endorsement, we need not cover appellant's other contentions.

For the reason given, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and BURMAN, JJ., concur.