JEFFREY R. COLLINS, Plaintiff-Appellant, *v.* ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellee.

First District (4th Division)    No. 80-1352

Opinion filed May 21, 1981.

Thomas D. Fazioli, of Paul B. Episcope, Ltd., of Chicago, for appellant.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman and H. Elisabeth Huber, of counsel), for appellee.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether a "named driver" exclusion in an automobile policy is applicable to bar recovery under the uninsured motorist clause and medical payment coverage when the injured named person is a passenger, and not the driver. We hold that it is not and reverse the trial court's dismissal of the plaintiff's complaint.

On October 27, 1978, the plaintiff Jeffrey Collins was injured in an automobile accident while riding in an uninsured vehicle operated by Terry Williams. At the time of the accident, the defendant, Economy Fire & Casualty Company, insured Collins' wife under an automobile liability policy providing, among others, uninsured motorists and medical payments coverages. There was a "Named Driver Exclusion Endorsement." Since the policy defined the named insured to include the spouse of the named insured, if a resident of the same household, and since plaintiff was the spouse of the named insured and lived in the same household, it is clear that the plaintiff is covered by both coverages as a named insured unless the endorsement is applicable. The insurer does not dispute this. The "Named Driver Exclusion Endorsement" provides:

"In consideration of the premium at which the policy is written, it is agreed that all coverage afforded by the policy is void and shall not apply with respect to any claim arising from accidents which

occur while any automobile is being operated by the following named person:

Jeffrey R. Collins, husband of the named insured

If the above named specifically excluded driver is the spouse of the named insured:
The definition of 'named insured' is amended to read:
'named insured'—means the individual named in Item 1 of the declarations.
It is further agreed that the definition of 'relative' is amended to read:
'relative'—means a relative of the named insured, other than his spouse, who is a resident of the same household.
It is also agreed that the policy is hereby amended to delete all other references to 'relative,' 'residents of the same household' or 'any other person' insofar as these refer to the spouse of the named insured. All other references to 'spouse' are also deleted while any automobile is being operated by the spouse.

It is further agreed by the undersigned that the policy does not apply at any time to such excluded person's operation of any vehicle.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy, other than as above stated."

After the insurer denied coverage, the plaintiff filed a declaratory judgment action seeking to compel the insurer to enter into arbitration. The trial court entered a judgment on the pleadings for the defendant.

It is established in Illinois that a named driver exclusion is valid and enforceable. (*Heritage Insurance Co. of America v. Phelan* (1974), 59 Ill. 2d 389, 321 N.E.2d 257.) That case also established that the effect of such an endorsement is not limited to liability coverage but is applicable to the other coverages in the policy according to its terms. Accordingly, under the terms of this particular endorsement, it is clear that had plaintiff been driving the automobile at the time of the accident he would not have been covered under either the uninsured motorist or medical payments coverages. But he was not the driver.

The endorsement provides that the coverage is not applicable to any claim which arises from accidents which occur while any vehicle is being operated by the plaintiff. The better definition of the term "operating" is that it involves personal physical management of the automobile by the

person in question. (6B Appleman, Insurance Law and Practice §4314 (1979).) Illinois has construed the act of operating to be broader than that of driving (*Heritage Insurance Co. of America v. Phelan* (1974), 59 Ill. 2d 389, 321 N.E.2d 257; *Vesely v. Prestige Casualty Co.* (1972), 4 Ill. App. 3d 726, 281 N.E.2d 724, *appeal denied* (1972), 52 Ill. 2d 597), but in both cases the named individual had been the driver and had temporarily stopped the car for a few minutes intending to resume driving it. In *Heritage*, the named individual, as the supreme court pointed out at 59 Ill. 2d 389, 399, 321 N.E.2d 257, 262:

> "had made a temporary stop at a service station to repair a heater hose. He was in the process of driving to work and intended to complete that trip immediately after the completion of a repair job which can be simply and quickly accomplished by any competent mechanic. He remained in the immediate vicinity of his car, knowing that the repair would take but a few minutes and that he could then drive on to the produce market where he was employed. He was engaged in activities so closely related to the control and actual driving of the car that he still must be considered the 'operator' of the vehicle."

In *Vesely*, the driver left the automobile with its engine running to go into a store to make a quick purchase. His father-in-law remained in the car as a passenger. The court held that the son-in-law was still the operator of the car.

In the present case, the plaintiff was not the driver; he was only the passenger. Terry Williams was the driver and had full control of the operation of the car. As such he was the operator, not the plaintiff. Accordingly the exclusion of coverage while the plaintiff is operating the vehicle is inapplicable.

The defendant, however, contends that the plaintiff is not covered because the definitions were amended in the endorsement to exclude the plaintiff. The first lines of the amended definition read "If the above named specifically excluded *driver* is the spouse of the named insured" the definition of "named insured is amended to read." (Emphasis added.) It is clear from the language of the endorsement that the amending of the policy coverage is conditional upon plaintiff's being the driver. Had the insurer wished to exclude the plaintiff when he was not the driver or operator of a vehicle, then it could have clearly so provided. The burden is on the insurer to make the policy's terms precise and clear, and it must phrase any exclusions in clear and unmistakable language. (*J. M. Corbett Co. v. Insurance Co. of North America* (1976), 43 Ill. App. 3d 624, 357 N.E.2d 125, *appeal denied* (1977), 65 Ill. 2d 581; 13 Appleman, Insurance Law & Practice §7403 (1976).) This court cannot read into an insurance contract a limitation of liability where none exists. (*Swindler v. St. Paul*

*Fire & Marine Insurance Co.* (1969), 223 Tenn. 304, 444 S.W.2d 147.) Nor would the court be justified in rewriting the contract by tortuous construction in favor of the insurer. *Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 369 N.E.2d 252; *Whaley v. American National Insurance Co.* (1975), 30 Ill. App. 3d 32, 331 N.E.2d 571.

Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.