Yvonne H. WHITE, Appellant,

v.

Gerald WHITE, et al., Respondents.

No. A03–1315.

Court of Appeals of Minnesota.

March 30, 2004.

James S. Ballentine, Laurie J. Sieff, Schwebel, Goetz & Sieben, P.A., Minneapolis, MN, for appellant.

Thomas S. McEachron, Votel, Anderson & McEachron, St. Paul, MN, for respondents.

Considered and decided by HALBROOKS, Presiding Judge, WILLIS, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

In challenging the district court's grant of summary judgment, appellant argues that Minn.Stat. § 170.54 (2002), the Safety Responsibility Act, provides coverage to respondent granddaughter as operator of the vehicle in which appellant was injured, notwithstanding the fact that at the time of the injury respondent son, owner of the vehicle, was himself operating the vehicle. Because we conclude that respondent son was the sole operator of the vehicle at the time of the injury, Minn.Stat. § 170.54 is inapplicable under the facts of this case, and we affirm.

## FACTS

Respondent Gerald White drove his mother, appellant Yvonne White, and his daughter, respondent Gina White, along with other family members, to purchase

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

take-out food. Gerald parked his vehicle, and grandmother and granddaughter crossed the street to the restaurant. When the two returned to the vehicle, Gina, carrying the take-out food, entered the vehicle through the right rear passenger door. Yvonne opened the front passenger door and, in an attempt to avoid stepping into slush at the curb, placed her left-hand on the top part of the rear passenger door to brace herself. As she stepped on the running board of the vehicle in order to enter the front passenger seat, Gina closed the rear door on Yvonne's finger. The ring finger on Yvonne's left hand was severed.

Yvonne brought suit against Gerald and Gina, alleging that Gina was negligent in closing the rear passenger door and that Gerald, the owner of the vehicle, was vicariously liable under Minn.Stat. § 170.54 (2002), the Safety Responsibility Act, because Gina was operating the vehicle door with Gerald's express or implied consent. In granting respondents' motion for summary judgment, the district court concluded: (1) that Gina was not actively or inactively involved in loading or unloading Gerald's car of anything besides herself; (2) Gina was not in control of Gerald's vehicle at any time and therefore could not have been acting as Gerald's agent when she closed the rear door on Yvonne's finger; and (3) that Gina was not operating the vehicle under the Safety Responsibility Act. This appeal followed.

## ISSUES

Did the district court err in concluding that Gina was not operating Gerald's motor vehicle under Minn.Stat. § 170.54 (2002), the Safety Responsibility Act?

## ANALYSIS

When summary judgment is granted based on the application of a statute to undisputed facts, it is a legal determination that we review de novo. *Wiegel v. City of St. Paul,* 639 N.W.2d 378, 381 (Minn.2002). To determine whether a statute has been correctly applied, this court focuses on the words of the statute to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). If the statute's meaning is plain and unambiguous, that meaning is applied as a manifestation of legislative intent. *Kersten v. Minn. Mut. Life Ins. Co.,* 608 N.W.2d 869, 874–75 (Minn.2000). Plain meaning is the use of ordinary language in the context of whole-act structure, applying the usual conventions of grammar and syntax. *Occhino v. Grover,* 640 N.W.2d 357, 359 (Minn.App. 2002), *review denied* (Minn. May 28, 2002). If the meaning of statutory language is not plain, ambiguities are resolved by looking to other factors that evince legislative intent. *Id.* at 360; *see also* Minn.Stat. § 645.16 (2002) (listing factors for ascertaining legislative intent).

The Safety Responsibility Act provides that a person who operates a motor vehicle with the express or implied consent of its owner is deemed to be the owner's agent in case of an accident. "Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with consent of the owner, express or implied, the operator thereof shall in case of [an] accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." Minn.Stat. § 170.54 (2002). The Safety Responsibility Act "was adopted to effectuate a legislative policy determining that as between an innocent third party injured by the negligent operation of an automobile and the owner of that automobile who permitted another person to drive it, the owner should bear the cost of the injuries." *Schwalich v. Guenther,* 282 Minn. 504, 507, 166 N.W.2d 74, 78 (1969). Courts should construe the statute

liberally to effectuate its purpose. *Jones v. Fleischhacker,* 325 N.W.2d 633, 636 (Minn.1982).

There is no statutory definition of "operate." In *W. Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co.,* 384 N.W.2d 877, 879 (Minn.1986), the Minnesota Supreme Court concluded that "[a] person sitting in the driver's seat, hands on the wheel and foot on the pedal, controlling both speed and directions, is undoubtedly 'operating' the vehicle."

Appellant argues that *W. Bend* is factually distinguishable from the circumstances here, and therefore the district court erred in relying on that case in granting summary judgment. Instead, alleges appellant, it is *Melchert v. Melchert,* 519 N.W.2d 223 (Minn.App.1994), *review denied* (Minn. Sept. 16, 1994), that is not only persuasive, but fully applicable to the facts of this case. Both *W. Bend* and *Melchert* inform our analysis and we examine each of those cases in turn.

In *W. Bend,* the supreme court was required to determine in the context of homeowner's insurance coverage whether defendant passenger, who grabbed the steering wheel from plaintiff driver, was "operating" the vehicle at the time an accident occurred. 384 N.W.2d at 879. The supreme court concluded that she was not, and that her actions were "more realistically characterized as a disruption or interference with someone else's operation of the vehicle." *Id.* at 880. It is against this factual backdrop that the *W. Bend* court observed:

> We think it is generally understood and accepted that a motor vehicle is operated by one person, namely, the person in the driver's seat and at the controls.... [A] vehicle has only one operator, and, unless a passenger is invited to share in that operation, or circumstances create a plausible justification for the passenger's

assisting in the vehicle's operation, the vehicle is not considered to be operated by the passenger.

*Id.*

In *Melchert,* plaintiff borrowed a pickup truck from its owner, and attached a trailer owned by plaintiff to the truck. 519 N.W.2d at 224. As plaintiff knelt down on the trailer to wind up a jack on which the trailer tongue had been resting prior to attachment, a hay bale thrown by plaintiff's son from a hay wagon hit and injured plaintiff. *Id.* at 225. The owner of the pickup truck was nowhere near the scene of the accident. *Id.* This court concluded that for purposes of the Safety Responsibility Act, which applied to the circumstances in that case, "[o]peration includes participation in loading and unloading activities," and that the pickup truck was being "operated" at the time the injury occurred. *Id.* at 226. The court also noted that "[o]peration of a motor vehicle implies physical control over the vehicle." *Id.* at 225 (citing *W. Bend,* 384 N.W.2d at 879).

Appellant urges that the facts here compel a result similar to that reached in *Melchert* and, therefore, that this court must conclude that Gina was operating the vehicle under the Safety Responsibility Act at the time of appellant's injury. Appellant argues that because Gina was entering the vehicle with take-out food when she closed the door on appellant's finger, she was participating in loading activities which constitute operating the vehicle, just as plaintiff's activities in *Melchert* were brought within the definition of "operate."

We cannot justify extending *Melchert* to reach the facts here. First, *Melchert*'s facts are clearly distinguishable from those in this case. The owner in *Melchert* was not in the driver's seat of the pickup truck; she was not even present during the loading activities. Gerald, the owner of the

vehicle involved in this case, was in the driver's seat. His position was not even remotely analogous to that of the owner in *Melchert*. Gerald had driven the vehicle to the restaurant and remained in the driver's seat as passengers left to pick up food. Clearly, he was operating the vehicle. With regard to appellant's claim that, just as in *Melchert*, "loading" activities were occurring here, we disagree. There was nothing being loaded or unloaded in this case except passengers and take-out food.

Second, to the extent that *Melchert*, by including loading and unloading activities within the definition of "operate," was arguably itself an extension of the public policy behind the Safety Responsibility Act, *Melchert* did not reach so far as to embrace the concept of two concurrent operators. We conclude that any further extension of Minn.Stat. § 170.54 to apply to the facts here would be both unwise and unwarranted. The purpose of that statute is to provide coverage to an innocent third party involved in an accident with the vehicle "even if the owner or named insured was not the driver." *Progressive Specialty Ins. Co. v. Widness*, 635 N.W.2d 516, 521 (Minn.2001). Although reasonable minds might reach different conclusions on the question of how expansively "operate" should have been defined in *Melchert*, that case is at least arguably consistent with the legislative intent behind the statute, because the owner was not the operator.

The *Melchert* court was not called upon to determine whether, in addressing the applicability of section 170.54, more than one person could "operate" a vehicle simultaneously. This court has been required to factor that analysis into our decision. Finding section 170.54 to be applicable here would require that we declare that both Gina and Gerald were operating the vehicle in question at the time of appellant's injury. That we are unable to do.

There was one operator in *Melchert*—the person who had borrowed the vehicle from the owner. There is one operator in this case—Gerald, the owner himself. Extending the reach of *Melchert* to this situation would, we believe, contradict both the plain meaning of the statute and the public policy behind it.

## DECISION

The district court properly determined that respondents were not liable under Minn.Stat. § 170.54 (2002), the Safety Responsibility Act and, therefore, summary judgment was appropriate.

**Affirmed.**